IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

WILLIAM "BILL" HUSTON                                                   PLAINTIFF

v.                              CASE NO. 4:23-CV-00615-BSM

FRONTIER IMAGING SERVICES                                              DEFENDANT

## ORDER

Frontier Imaging Services's motion for summary judgment [Doc. No. 13] is granted and this case is dismissed with prejudice.

### I. BACKGROUND

William Huston was hired by Frontier to work primarily in Dallas, Texas. Affidavit of William Huston ¶ 2, Doc. No. 17 at 8–9 ("Huston Aff."); Affidavit of John Drew ¶ 3, Doc. No. 14-1 at 1–3 ("Drew Aff."). When Huston received an offer of employment from another company, Frontier countered the offer by offering Huston a position in Arkansas. Huston Aff. ¶¶ 3–4. Huston accepted Frontier's offer and began making plans to move to Arkansas. *Id.* ¶ 6.

Before moving, Huston was assured by his supervisors that it would be okay to begin building a house in Arkansas. *Id.* ¶¶ 7–8. Huston therefore entered into a contract to build a house and deposited $5000 on a piece of land upon which to build. *Id.* ¶ 9. Huston then made a $30,000 down payment on the home and moved to Arkansas two months later. *Id.* ¶¶ 10–11.

Four months later, Huston requested time off to have knee surgery. *Id.* ¶ 13. Leave

was approved for August 19, 2022 until October 3, 2022. *Id.* On October 3, Huston requested to extend his leave because he was still recovering. *Id.* ¶ 14. During the call with Frontier, he was terminated. *Id.* ¶ 15.

Frontier states that it assigned Huston to Arkansas in anticipation of a business need that did not materialize, and that it terminated Huston because it did not have enough business in Arkansas to necessitate his position. Drew Aff. ¶¶ 5–6. Frontier did not replace Huston's position and it did not hire for any comparable role for seven months following Huston's termination. *Id.* ¶ 7. Huston contends that he was fired despite Frontier's promises of job security that were well beyond typical at-will terms. *See* Br. Supp. Pl.'s Resp. Def.'s Mot. Summ. J. 6, Doc. No. 17.

Huston is suing Frontier for breach of contract, promissory estoppel, and for retaliation under the Family and Medical Leave Act (FMLA). Am. Compl. ¶¶ 39–63, Doc. No. 6. Frontier is moving for summary judgment on all claims. Doc. No. 13.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Id.* All reasonable inferences must

be drawn in the light most favorable to the non-moving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

### III. DISCUSSION

A.   Breach of Contract

Summary judgment is granted on Huston's breach of employment contract claim because he now questions the existence of a contract; thus, undercutting his allegation that there was a contract. *See* Br. Supp. Pl.'s Resp. Def.'s Mot. Summ. J. 5–6. Even if a contract existed, summary judgment would be appropriate because Arkansas is an employment at-will state and nothing in the record indicates that Frontier agreed to employ Huston for a definite period of time. *See Crain Indus., Inc. v. Cass*, 810 S.W.2d 910, 913 (Ark. 1991).

B.   Promissory Estoppel

Summary judgment is also granted on Huston's promissory estoppel claim because Arkansas is an employment at-will state and there is no promissory estoppel exception to the employment at-will doctrine. *See McCabe v. Wal-Mart Assocs., Inc.*, 591 S.W.3d 335, 339 (Ark. Ct. App. 2019).

To prove promissory estoppel, Huston must show that (1) Frontier made a promise to him; (2) Frontier should have reasonably expected him to act in reliance on the promise; (3) Huston acted in reasonable reliance on the promise to his detriment; and (4) injustice can be avoided only by enforcing the promise. *See Holmes v. Potter*, 523 S.W.3d 397, 403 (Ark. Ct. App. 2017). Although there is no promissory estoppel exception to the employment at-

will doctrine, Huston could overcome summary judgment if he could show that Frontier agreed to employ him for a definite period of time. *See Crain Indus.*, 810 S.W.2d at 913. The problem for Huston is that nothing shows that Frontier agreed to employ him for a specific duration. Although Huston vaguely asserts that he received "multiple, oral assurances by his supervisors at Frontier that suggested job security **well beyond** typical at-will terms," Br. Supp. Pl.'s Resp. Def.'s Mot. Summ. J. 6 (emphasis in original), nothing shows that Frontier promised employment for a specific duration.

    C.    <u>FMLA</u>

Summary judgment is granted on Huston's FMLA retaliation claim because Frontier is not covered by the FMLA. This is the case because the FMLA covers employers with fifty or more employees and at the time in question, Frontier had only eighteen employees. *See* 29 U.S.C. § 2611(4)(A)(i); Drew Aff. ¶ 10. Although Huston asserts that the affidavit supporting Frontier's motion is self-serving, summary judgment is appropriate because the record contains no evidence opposing it. *See Conseco Life Ins. Co. v. Williams*, 620 F.3d 902, 909 (8th Cir. 2010) (party responding to summary judgment must meet proof with proof); *see also Newsome v. Chatham Cnty. Det. Ctr.*, 256 F. App'x 342, 346 (11th Cir. 2007) (per curiam) ("self-serving testimony" may not be disregarded by court ruling on summary judgment motion).

## IV. CONCLUSION

For the foregoing reasons, Frontier's motion for summary judgment is granted and this case is dismissed with prejudice.

IT IS SO ORDERED this 10th day of December, 2024.

_____
UNITED STATES DISTRICT JUDGE